IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>          v.<br><br>RELIABLE MAINTENANCE SOLUTIONS, INC.,<br><br>          Defendant. | CIVIL ACTION NO.<br>2:24-CV-00093-RWS-JCF |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendant Reliable Maintenance Solutions, Inc., discriminated against Tracy Bing when it failed to hire him because of his disability.

The Commission and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1.  **Nondiscrimination.** Defendant shall not engage in any employment practices which discriminate because of disability; record of disability; or any actual or perceived physical or mental impairment, whether or not such impairment limits or is perceived to limit a major life activity. Defendant's compliance with applicable mandatory safety rules and regulations promulgated by the Mine Safety and Health

Administration, the Occupational Safety and Health Administration, or other regulatory agencies does not, in and of itself, violate this Consent Decree.

2. **No Retaliation.** Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under the ADA or any other statute enforced by the EEOC, or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under any statute or regulation enforced by the EEOC.

3. **Payment.** Defendant shall pay Bing a total amount of $25,000.00 in settlement of the claims raised in this action. Payment shall be made within ten (10) business days after the Court approves this Consent Decree. Defendant shall send the settlement check(s) to Bing via overnight delivery at an address to be provided in writing to Defendant by the Commission. Defendant shall send to the Commission a copy of the check(s) and the tracking number of each envelope containing the settlement checks to Bing.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Bing may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

a. Within ten (10) business days of the signing of this agreement, Defendant agrees to provide to the EEOC (1) the Defendant's EIN(s) and (2) the individual and physical address(es) to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual(s) must be an employee of Defendant.

b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. **Nonpayment of Settlement Funds.** If Bing does not receive the payments described in paragraph 3 above by the due date set forth therein due to a

failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. **Notice of ADA Rights.** Defendant shall include with all job applications and health questionnaires distributed to employees or applicants for employment[1] language that otherwise qualified applicants will not be disfavored because of a disability and that Defendant will respect accommodation rights under the ADA, including the right to work without accommodation, if possible. A copy of the language to be included in job applications and health questionnaires distributed to employees or applicants for employment is attached hereto as **Exhibit A**. Exhibit A shall also be disseminated to Defendant's current employees within thirty (30) days of the Court's entry of this Consent Decree, and shall be available and accessible to all employees in the same manner as any employee handbook or workplace policy maintained by Defendant. Within forty-five (45) days of the entry

---

[1] For purposes of this Consent Decree, the terms "employees" and "applicants" shall include, but not be limited to, all individuals with whom Defendant maintains a purported independent contractor relationship or who have applied to enter into an "independent contractor" relationship.

of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. **Training.** During the term of this Consent Decree, Defendant shall provide an annual, mandatory training program to all employees. Each training program shall include, at minimum: (a) an explanation of the notice language referenced in paragraph 5 above; and (b) a description of the ADA, the types of conduct or policies that constitute discrimination because of disability, and the laws protecting employees from disability discrimination.

The first training program described in the preceding paragraph for all employees shall be completed no later than January 31, 2026; provided, however, that Defendant shall complete a training program described in the preceding paragraph with its office employees within ninety (90) days of the entry of this Consent Decree. Each subsequent training program for all employees shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of

each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. **Notice Posting.** Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit B**, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

8. **Defendant's Contact.** All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Shannon Hamilton at shannon@reliablemaintenance.net. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

9. **Reporting.** During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being

due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

   a. the identities of all individuals who have reported any incidents of disability discrimination, including each person's name, address, telephone number, and position title;

   b. for each individual identified in 9.a above, explain what actions were taken by Defendant in response to the individual's report;

   c. for each individual identified in 9.a above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, failure to hire, termination, firing, demotion, promotion, or to part-time from full-time); and

   d. for each individual whose employment status has changed as identified in 9.c. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 9.a. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. **Communication to the Commission.** All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

> Marcus G. Keegan
> Regional Attorney
> U.S. Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, GA 30303

11. **Compliance Review.** The Commission may review compliance with this Consent Decree. As part of such review, with 24 hours' notice, the Commission may inspect Defendant's premises for compliance and examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

12. **Noncompliance.** If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in

negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. **Duration.** This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

14. **Court Retains Jurisdiction.** This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

15. **Costs and Fees.** Except as provided herein, each party shall bear its own costs and attorney's fees.

2-24-25
Date

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | RELIABLE MAINTENANCE SOLUTIONS, INC. |
| CHRISTOPHER LAGE<br>Deputy General Counsel | /s/ Robert J. Mollohan, Jr. (w.e.p.)<br>Betsy Bulat, Esq.<br>Georgia Bar No. 558428<br>Robert J. Mollohan, Jr., Esq.<br>Georgia Bar No. 984253<br>Maya S. Marshall, Esq.<br>Georgia Bar No. 596066 |
| MARCUS KEEGAN<br>Regional Attorney | |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | |
| ROBYN M. FLEGAL<br>Supervisory Trial Attorney | MARTENSON, HASBROUCK & SIMON LLP<br>2573 Apple Valley Road NE<br>Atlanta, Georgia 30319<br>Tel.: (404) 909-8100<br>Fax: (404) 909-8120<br>bbulat@martensonlaw.com<br>rmollohan@martensonlaw.com<br>mmarshall@martensonlaw.com |
| /s/ Fahad A. Khan<br>Fahad A. Khan<br>Trial Attorney<br>Georgia Bar No. 442892<br>fahad.khan@eeoc.gov | |
| U.S. EEOC<br>Atlanta District Office<br>100 Alabama St. SW<br>Suite 4R30<br>Atlanta, GA 30303<br>Telephone: (470) 531-4811<br>Facsimile: (404) 562-6905 | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |

11

## EXHIBIT A

## AMERICANS WITH DISABILITIES ACT COMPLIANCE

Reliable Maintenance Solutions, Inc. ("RMS") is committed to respecting the rights of all persons under the Americans with Disabilities Act of 1990 ("ADA"), as amended. RMS will not discriminate against any qualified employee or applicant for employment because of a disability, record of disability, or any perceived disability related to a mental or physical impairment. All qualified employees or applicants for employment with disabilities have the right to request that RMS provide a reasonable accommodation to enable in their participation in the job application process, to enable their performance of the essential functions of their job, or to provide them with equal access to the benefits and privileges of their employment. RMS will not presume that an employee or applicant for employment with a disability is unable to perform their job duties without an accommodation where the employee or applicant for employment has not requested the accommodation or otherwise notified RMS of their need for an accommodation.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RELIABLE MAINTENANCE SOLUTIONS, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>2:24-CV-00093-RWS-JCF |

## EMPLOYEE NOTICE

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Reliable Maintenance Solutions, Inc. ("RMS"), in a case alleging discrimination on the basis of disability. Specifically, the U.S. Equal Employment Opportunity Commission alleged that RMS unlawfully refused to hire an individual because of his disability. As part of the settlement, RMS agreed to pay monetary damages to the individual and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex (including pregnancy), national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3. RMS will comply with such federal law in all respects. Furthermore, RMS will not take any actions against employees because they have exercised their rights,

reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M. Street, N.E.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

5. This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2027.